### FOSTER v. RAUZIN.

Circuit Court, Dade County.

January 20, 1958.

Kessler & Gars, Miami, for appellant.

Monroe Gelb, Miami, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

It is provided in section 6(c) of Revised Article V of the State Constitution, which was adopted at the general election of November 6, 1956, and which became effective July 1, 1957, that the circuit courts "shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges' courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace." It will be noted that civil courts of record are not mentioned.

It is provided in section 5(c) of the revised judiciary article that "appeals from trial courts in each appellate district, and from final orders or decrees of county judge's courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court."

Because of the quoted constitutional provisions, and of the absence of any other pertinent provision, this court does not have jurisdiction of appeals from final judgments of the civil court of record taken since July 1, 1957.

This court, therefore, does not have jurisdiction to review the judgment appealed from in this cause.

The appeal, however, should not be dismissed. It is provided in section 4(b) of the revised judiciary article that "the supreme court shall provide for the transfer to the court having jurisdiction of any matter subject to review when the jurisdiction of another appellate court has been improvidently invoked." The Supreme Court has provided, in rule 2.1(5)(d) of the Florida Appellate Rules, which were adopted June 18, 1957, and which became effective July 1, 1957, that "when the jurisdiction of an appellate court has been improvidently invoked, that court may of its own motion or on motion of either party to the cause enter an order transferring it to the court having jurisdiction."

Because the appellate jurisdiction of this court has been improvidently invoked in this cause, it is ordered that the cause be transferred to the District Court of Appeal of the Third District of Florida, which has jurisdiction.

The clerk of this court is directed to give five days' notice of such transfer by mailing to counsel for each of the parties a true copy of this order. The clerk is further directed to transmit, on the expiration of such five-day period, the record and file of the cause, together with a certified copy of this order, to the District Court of Appeal.

Ordered (on the court's own initiative) in the courthouse of Dade County, Florida, at Miami, January 20, 1958.